

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-18-2007

# Watcher v. Pottsville Area

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4253

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Watcher v. Pottsville Area" (2007). *2007 Decisions.* Paper 423.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/423

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 04-4253 & 04-4271
_____

SHIRLEY WATCHER;
CHARLES WATCHER, H/W

v.

POTTSVILLE AREA EMERGENCY MEDICAL SERVICES, INC.;
GARRY THOMAS LAUBACH

Shirley Watcher; Charles Watcher,
                                        Appellants in 04-4253

Pottsville Area Emergency Medical Service, Inc.,
                                        Appellant in 04-4271

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 00-cv-01123)
District Court:  Hon. A. Richard Caputo

_____

Submitted Under Third Circuit LAR 34.1(a)
November 9, 2006

Before:  SCIRICA, McKEE, and STAPLETON, <u>Circuit Judges</u>

(Opinion filed: September 18, 2007)

---

OPINION

---

McKEE, Circuit Judge

Shirley Watcher appeals from the following orders and the judgment of the District

Court in this employment discrimination suit:

1. December 22, 2003, Order denying Watcher's Motion for Post-Trial Relief;
2. October 6, 2004, Order granting Pottsville Area Emergency Medical Services, Inc.'s ("PAEMS") Motion for Amendment of the Judgment pursuant to Federal Rule of Civil Procedure 59(e);
3. Amended Judgment entered October 6, 2004 in favor of Watcher in the amount of $30,000; and,
4. October 6, 2004, Order denying Watcher's Petition to Mold the Verdict.

Pottsville Area Emergency Medical Services, Inc. ("PAEMS") has filed a cross-appeal of

the October 6, 2004 Order denying its Motion for Judgment as a Matter of Law pursuant

to Federal Rule of Civil Procedure 50(b) on Watcher's claim of age discrimination.

PAEMS argues that the evidence was insufficient to support the verdict in favor of

Watcher on that claim. For the reasons that follow, we will affirm each of the challenged

orders.

**I.**

Pursuant to 28 U.S.C. § 1331, the District Court had jurisdiction over Watcher's

claims for sex discrimination under Title VII of the Civil Rights Act of 1964 and age

discrimination under the Age Discrimination in Employment Act ("ADEA"). The court

had jurisdiction of the state law claims under 28 U.S.C. § 1367.

2

Since we write primarily for the parties, we need not recite the underlying facts in detail. Rather, we will briefly discuss the pertinent facts when they are relevant to our discussion of a particular issue.

Watcher raises the following issues on appeal: whether the court erred in granting PAEM's Motion to Alter or Amend the Judgment pursuant to Rule 59(e), whether the court erred in denying her Motion to Mold the Verdict pursuant to Rule 59(e), whether the court erred in refusing to grant judgment as a matter of law pursuant to Rule 50(b) on her sexual harassment claim, and whether the court abused its discretion in limiting her cross-examination of Detective Eugene Tray. In its cross-appeal, PAEMS argues that the District Court erred in denying its Rule 50(b) Motion for judgment as a matter of law on Watcher's ADEA claim.

**1. The Court Properly Granted PAEM's Rule 59(e) Motion, and Properly Denied Watcher's Motion to Mold the Verdict.**

The jury returned a special verdict in favor of PAEMS on Watcher's claim of sex discrimination, but found for Watcher on her claim of age based discrimination under the ADEA. The jury concluded that PAEMS subjected Watcher to a hostile work environment because of her age,[1] that the environment was created by a supervisor,[2] and that PAEMS' conduct was "willful."[3] The jury awarded her $87,027 in pay lost "because of [PAEMS'] actions" and $30,000 "for emotional pain and suffering related to

---

[1] Interrogatory No. 1.

[2] Interrogatory No. 2.

[3] Interrogatory No. 7

3

[PAEMS'] actions." Appellant's App. 145. Notwithstanding that verdict, the jury's answer to interrogatory No. 3 established that the jury concluded that Watcher's age was not a motivating factor in her termination.[4]

Where an employer's age discrimination is willful, the ADEA requires that liquidated damages equal to the employee's lost pay be awarded. 29 U.S.C. § 626(b) (incorporating liquidated damages provisions of 29 U.S.C. § 216(b) (2000)). Accordingly, on January 7, 2003 the District Court entered judgment for Watcher in the amount of $200,054 under the ADEA.

Thereafter, PAEMS moved for judgment as a matter of law, or in the alternative, for a molded verdict under Rule 59(e) on the ADEA verdict. The District Court granted PAEMS's alternative motion and amended the judgment, thereby reducing the award from $200,054 to $30,000.

Our review of the District Court's ruling on a Rule 59(e) motion to alter or amend depends on the nature of the underlying decision. *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986). Where, as here, the underlying decision is based on an interpretation of law, or application of law, our review is plenary. *Id*. at 349. Here, the court concluded that, as a matter of law, the jury could not award Watcher back pay absent a finding that she was terminated based upon age discrimination.

Rule 59(e) allows a trial court to correct a verdict that is incorrect as a matter of law. *Mumma v. Reading Co*., 247 F. Supp. 252, 260 (E.D. Pa. 1965). Thus, if the jury

---

[4]Interrogatory No. 3

4

erred as a matter of law in awarding lost pay to Watcher on her ADEA claim, the District Court's grant of PAEMS' Rule 59(e) motion was appropriate.

The District Court initially thought that the jury's finding that Watcher was subjected to a hostile work environment because of her age, was inconsistent with the finding that age was not a motivating factor in her termination. However, the court subsequently recognized that it was not inconsistent, and we agree. There is a difference between being subjected to a hostile work environment based one's age on the one hand, and being terminated because of age bias on the other. The jury heard evidence that Watcher worked until June 29, 1998 when she had a dispute with her supervisor, Halye. Watcher left the workplace, and did not report to work or call in for three days. Yet, Watcher testified that she knew there would be a problem if she didn't show up for work and failed to notify her supervisor about her absence. Even though the work environment she left was found to be "hostile" within the meaning of Title VII, the jury quite properly could have concluded that she was terminated because she was absent from work and failed to notify anyone of her absence, not because of gender bias. Given that finding, the hostile environment was not the cause of her termination.

It is certainly possible that a hostile work environment could result in absences that trigger an adverse employment action. However, that is not the situation here, and Watcher is not claiming that it is. Moreover, although she relies heavily on *Hare v. H & R Industries, Inc.*, 67 Fed. App'x 114 (3d Cir. 2003), *Hare* is not precedential and is

5

therefore not contrary authority.[5]   Moreover, *Hare* is distinguishable and is therefore not inconsistent with our analysis here.

Watcher claims that she is entitled to an award of pay as compensation for age discrimination even if there is no causal nexus between the hostile environment and her termination. She argues "the ADEA defines recoverable monetary relief as 'amounts owing to a person *as a result of* a violation of [the ADEA]'" Appellants' Br. at 26 (quoting *Rodriguez v. Taylor*, 569 F.2d 1231, <u>1237 </u>(3d Cir. 1977) (emphasis added). However, Watcher ignores the causal nexus inherent in the very quotation she relies upon. Here, the jury concluded that Watcher's lost pay *resulted* from her absenting herself from work without notifying her supervisors, not from the nature the hostile environment she was alleging.  Ignoring this problem, Watcher also quotes *Berndt  v. Kaiser Aluminum & Chemical Sales, Inc.,* 604 F. Supp. 962 964 (E.D. Pa. 1985) as follows: "The *Berndt* court stated 'back pay begins at the time of loss of employment *resulting from* the violation. . . .[.]'" Appellants' Br. at 24 (emphasis added). Similarly, Watcher quotes *Rodriguez v. Taylor*, 569 F.2d 1231, 1237 (3d Cir. 1977) in arguing that she is entitled to relief for "'amounts owing to a person *as a result of a violation* of [the ADEA].'" Appellants. Br. at 26.  Thus, Watcher's argument both relies upon, and ignores, the causal nexus required for monetary relief for a hostile environment claim. A nexus that the jury found to be wanting here.

---

[5]  As we have previously stated, nonprecedential opinions are just that, they are not binding precedent on this court. *See Fallon Elec. Co. v. Cincinnati Insur. Co.,* 121 F.3d 125, 128 n.1 (3d Cir. 1997) ("[T]he Court does not regard such opinions as binding precedent.").

Here, the jury awarded back pay even though "[t]he relevant time period for calculating an award of back pay begins with wrongful termination . . . ." *Blum v. Witco Chem. Corp*., 829 F.2d 367, 373 (3d Cir. 1987); *see also Berndt,* 604 F. Supp. at 964 (E.D. Pa. 1985) (base for calculating back pay is "salary an employee would have received but for a violation of the ADEA").  The lost pay Watcher is asking us to restore is not pay she would have earned but for the discriminatory hostile work environment. Rather, she is asking us to reinstate an award for pay she would have earned had she not absented herself from her job.  Her claim for damages now is tantamount to a claim of constructive discharge. That claim was never submitted to the jury, is not argued on appeal, and is not a proper basis for any relief given the procedural history of this dispute.

Watcher also argues that since the verdict slip was inconsistent, the District Court should have asked the jury to resolve the inconsistency before dismissing the jury. However, as we have explained, the verdict slip was not inconsistent.  Although the court initially read the verdict slip as being inconsistent, moments after directing the jury to reconsider the relevant responses, the court realized that jury's answers were not inconsistent after all.  App. 138-40.  The court was correct. The difficulty was not that the slip was inconsistent. Rather, the problem was that the verdict slip did not instruct the jury to skip over certain questions depending on its answers to prior questions. Thus, the interrogatories allowed both an award of back pay and a finding that the termination was not motivated by Watcher's age.  That was an error that the court correctly resolved in granting PAEMS' Rule 59(e) motion; it was not a factual issue that the jury should have resolved.

Watcher also argues that PAEMS waived any right to move for the judgment to be altered or amended because PAEMS did not object to the verdict slip before the jury was dismissed. That argument fails for the same reason. Awarding back pay in the absence of a finding of discriminatory termination would have been a clear error of law, and there was no inconsistency in the verdict slip. The District Court correctly concluded that Watcher can not recover back pay as a matter of law because she was not wrongfully terminated. The doctrine of waiver is not involved.

Similarly, as the District Court also explained, Watcher cannot recover liquidated damages for pain and suffering under the ADEA. *See Rodriguez*, 569 F.2d at 1231. Moreover, as the District Court explained, the award for pain and suffering here was under the PHRA, not under the ADEA.

Accordingly, we will affirm the District Court's grant of PAEMS' Rule 59(e) motion to alter or amend the judgment.[6]

### 2. Watcher's Rule 50(b) Motion On Her Sex Discrimination Claim.

Our review of a District Court's denial of a motion for judgment as a matter of law under Fed.R.Civ.P. 50(b) is plenary. *Raiczyk v. Ocean County Veterinary Hosp.*, 377 F.3d 266, 269 (3d Cir. 2004). We view the evidence in the light most favorable to the non-moving party and also draw all reasonable inferences in that party's favor.

---

[6] Since the award of liquidated damages is based solely on the amount of lost pay, *see* 29 U.S.C. § 626(b), we must affirm the deduction of both amounts from the judgment.

8

Watcher argues that her evidence was sufficient to compel "JNOV with respect to her claim for [a] sex-based hostile environment," based upon Laubach's conviction for attempted involuntary deviate sexual intercourse on April 15, 1998. Appellants' Br. at ii.

In order to prevail on a Title VII claim for sexual discrimination based upon a hostile work environment, Watcher must establish that she had to endure sexually motivated discrimination in her workplace that was severe or pervasive, and that she was detrimentally affected by the discrimination, that the discrimination she faced would have detrimentally affected a reasonable female in Watcher's position. She must show respondeat superior liability on the part of her employer. *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1482 (3d Cir. 1990).

Here, the jury heard of a "sexual encounter" between Watcher and Laubach at 1:00 a.m. on a side street near Watcher's home that occurred after she spent hours socializing with him at his home following a wine tasting event. She never told anyone at work about the incident until after she left her job. Moreover, Watcher claimed that Laubach treated her respectfully at the work place before and after that incident. In addition, several PAEMS' employees testified that they never saw sexually inappropriate behavior in the workplace other than some of Watcher's own questionable conduct toward male employees including Laubach. Accordingly, the evidence presented fell woefully short of establishing a *prima facie* case for her hostile environment claim based on sex discrimination, and the District Court quite correctly refused to grant her motion for Judgment NOV.

9

Watcher relies upon *Meritor Sav. Bank v. Vinson*, 477 U.S. 57 (1986) in urging us to adopt a *per se* rule that a single instance of sexual assault by a supervisor leading to criminal conviction is conclusive evidence of a hostile work environment based on sex. However, *Vinson* does not establish a *per se* rule. Rather, there the Court explained that acts of harassment "to be actionable, . . . must be sufficiently severe or pervasive 'to alter the conditions of the [victim's] employment and create an abusive working environment." 477 U.S. at 67 (brackets in original, internal quotation marks omitted). Although it is conceivable that a single act of harassment could be sufficiently outrageous to "alter the conditions of . . . employment," *Meritor* does not establish the *per se* rule that Watcher advocates, and this record does not support the applying one here. Viewing the evidence here in the light most favorable to PAEMS, the jury could reasonably find that Watcher was not subjected to a hostile work environment because of her sex. Accordingly, we will affirm the District Court's denial of Watcher's Rule 50(b) motion.

Watcher also argues that she is entitled to a new trial on that claim based upon the District Court's grant of PAEMS' motion *in limine* precluding a particular line of cross-examination of Detective Eugene Tray. We review evidentiary rulings for abuse of discretion, *Johnson v. Elk Lake Sch. Dist*., 283 F.3d 138, 146 (3d Cir. 2002). We exercise plenary review over a District Court's interpretation of the rules of evidence. *Ansell v. Green Acres Contracting Co., Inc*., 347 F.3d 515, 519 (3d Cir. 2003).

On cross-examination, Watcher sought to question Detective Tray, who had investigated the criminal charges against Laubach. Watcher wanted to bring out the fact that Tray's wife had sought court protection from him during an apparently tumultuous

divorce some years before the Laubach investigation. Watcher claimed the evidence was relevant to show Tray's bias against women. After establishing that the proposed questioning was based solely on allegations that Tray's ex-wife had attempted to get protection from abuse orders, rather than the issuance of any such orders or conviction of any crimes, the District Court disallowed the inquiry.

Although cross-examination intended to show the bias on the part of a witness is generally permissible pursuant to Fed. R. Evid. 607, the permission is not absolute. Though evidence of bias is always relevant, the District Court always retains discretion under Fed. R. Evid. 403 to exclude otherwise relevant evidence and the court is required by Fed. R. Evid. 611(a) to exercise control over all questioning to maintain its effectiveness, avoid wasting time, and to protect witnesses.

Watcher acknowledged that Tray had not been convicted of a crime and no orders of protection had issued. Accordingly, the line of cross-examination Watcher wanted to develop would almost certainly have developed into a mini-trial inquiring into Tray's conduct towards his wife years earlier and the District Court correctly cut that detour off at the pass. Moreover, since Watcher dismissed her claims against Laubach prior to trial, and since there was substantial testimony from coworkers and Watcher that the sexual harassment he subjected her to occurred outside of the workplace, the line of cross-examination Watcher wanted to pursue was of very questionable relevance even as to Tray's bias. However, assuming *arguendo* that it was relevant for that purpose, any probative value was clearly outweighed by the delay, confusion and distraction that

11

would almost certainly have been accompanied that examination. Accordingly, the District Court properly granted the motion *in limine*.[7]

## 4. The Damages Were Correct.

Watcher argues that the court erred in denying her petition to mold the verdict to include liquidated damages, pre-judgment interest, and damages for the tax consequences of a lump sum award of back pay. We have already explained that recovery under the ADEA's liquidated damages provisions was properly denied once the court correctly concluded that Watcher was not entitled to lost pay on that claim. Watcher's attempt to recover the adverse tax consequences of receiving a lump sum award of back pay is therefore moot because she is not entitled to the pay. We will therefore affirm the District Court's denial of Watcher's motion to mold the verdict.

## III. PAEMS' Cross-Appeal of Watcher's Verdict Under the ADEA.

The only matter that remains is PAEMS' claim that the District Court erred in not granting its Rule 50(b) motion for judgment as a matter of law because the evidence was insufficient to support Watcher's ADEA claim.

As the District Court explained, the *prima facie* case under the ADEA mirrors the elements of a *prima facie* case under Title VII. Under the ADEA Watcher had to establish: 1) that she suffered discrimination, 2) the discrimination was severe or pervasive, 3) she was detrimentally affected by the discrimination, 4) the discrimination

---

[7] Moreover, the relevant testimony that would have been offered to develop Tray's bias against women concerned Tray's recollections of Watcher's statements that Laubach was respectful of her at work. PAEMS introduced Watcher's own testimony from Laubach's preliminary hearing and criminal trial to develop the same point. Accordingly, to the extent Watcher could establish Tray's bias against women, she would not have advanced the inquiry very far at all.

would have detrimentally affected a reasonable person in her position, and 5) respondent superior liability. App. 11 (citing *Spain v. Gallegos,* 26 F.3d 439, 447 (3d Cir. 1994)). As the District Court also noted, the Supreme Court has explained that factors relevant to an inquiry under the ADEA include the frequency of the discrimination, the nature of the discrimination, "whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." App. at 12 (citing *Harris v. Forklift Sys., Inc*. 510 U.S. 17, 23 (1993), and *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998)).

Although PAEMS disagrees with the precise number of the documents Watcher introduced to support her claim as summarized by the District Court, it is clear that the jury heard evidence of ageist documents that supervisors left on her desk on more than one occasion. One of those documents was entitled: "Real Women Don't Have Hot Flashes, They Have Power Surges." PAEMS attempts to minimize two other documents entitled: "Senior Citizens Beat Inflation," and "Retire Aged Personnel Early," by claiming that they were "the sort of 'jokes' prevalent throughout workplaces across America which may annoy, but have never been considered legally actionable . . .." Appellee's Br. at 34. However, the jury was apparently not very sympathetic to PAEMS' attempt to dismiss the latter documents as "jokes."[8]

Moreover, this was not the only evidence. We need not detail all of it here as the District Court summarized the missed seminars, changed work assignments, missed

---

[8] Indeed, all too often those who would discriminate believe that their actions are acceptable, and the sting of the discrimination tolerable because they were "just joking around."

13

training seminar(s), and reduction in work responsibilities in the thoughtful Memorandum it filed to explain its denial of PAEMS' Rule 50(b) motion regarding Watcher's successful ADEA claim. App. at 13. "[A] judgment notwithstanding the verdict may be granted under Fed.R.Civ.P. 50(b) only if, as a matter of law, the record is critically deficient of that minimum quantity of evidence from which a jury might reasonably afford relief. " *Powell v. J.T. Posey Co.*, 766 F.2d 131, 133-4 (3d Cir.1985). The test is a stringent one because a Rule 50(b) motion implicates the right to a trial by jury embodied in the Seventh Amendment. *See Mosley v. Martin*, 102 F.3d 85, 90 (3d Cir. 1996). As the District Court explained, the evidence here did not fall below the quantum required to sustain the jury's verdict. Accordingly, the District Court correctly denied PAEMS' Rule 50(b) motion for judgment as a matter of law.

## IV.

For all the reasons set forth above, we will affirm each of the Orders of the District Court that are challenged in this appeal and cross-appeal.