# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2984

_____

United States of America,      *
     *
         Appellee,      *
     *    Appeal from the United States
     v.      *    District Court for the
     *    District of Minnesota.
Jason Michael Boecker,      *
     *
         Appellant.      *

_____

Submitted: December 13, 2001

Filed: February 4, 2002

_____

Before HANSEN,[1] Chief Judge, HEANEY and MURPHY, Circuit Judges.

_____

HEANEY, Circuit Judge.

Appellant Jason Michael Boecker appeals the district court's[2] imposition of a 14-month term of imprisonment for repeatedly violating the terms of his supervised release. We affirm.

_____

[1] The Honorable David R. Hansen became Chief Judge of the United States Court of Appeals for the Eighth Circuit on February 1, 2002.

[2] The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

I.    Background

On November 17, 1995, Boecker pled guilty to Conspiracy to Commit Post Office Burglary, a Class C felony, in violation of 18 U.S.C. §§ 2115 and 371 (1994). The imposed sentence included 24 months in prison and three years of supervised release after imprisonment. Boecker served his prison time without incident and began his supervised release on August 18, 1997. He committed his first supervised release violation on September 15, 1999, and the conditions of his supervised release were modified to include 90 days of home detention.

Boecker committed his second supervised release violation on May 19, 2000, when he tested positive for methamphetamine. The district court ordered that his supervised release be revoked and that he be imprisoned for 60 days, and added an additional term of supervised release: "when defendant is released from custody the defendant will resume supervised release. The defendant's supervised release will be extended one year." Boecker violated the terms of his supervised release a third time in May of 2001, and was sentenced to a 14-month term of imprisonment with no supervised release to follow. His prison term will end in October, 2002.

II.    Discussion

Title 18 U.S.C. § 3583(b)(2) (1994) states in part that the authorized term of supervised release after imprisonment for a Class C felony is not more than three years. Section 3583(e)(3) states that a court may modify the conditions of or revoke a term of supervised release "and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision" when the defendant violates a condition of supervised release. 18 U.S.C. §3583 (e)(3) (1994). The defendant cannot serve more than two years in prison after revocation for a Class C felony.

18 U.S.C. § 3583(h) (1994) states that when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of the term of supervised release cannot exceed the term of the supervised release authorized by the statute for the original offense, minus any term of imprisonment that was imposed upon revocation. Id.

Boecker argues on appeal that the district court erred in imposing a 14-month term of imprisonment after revocation because the court was limited to a 12-month sentence, having reduced his term of supervised release to 12 months in its August 9, 2001 order. He is wrong. The district court did not "reduce" Boecker's sentence after revocation. It imposed additional prison time and a period of supervised release in accordance with the provisions of § 3583(e)(3) and (h) because the defendant violated the conditions of his original supervised release.

Boecker's first period of supervised release should have lasted from August 18, 1997 through August 2000. In May 2000, three months before his period of supervised release was to end, Boecker violated the conditions of supervised release, and the district court 1) revoked Boecker's prior sentence; 2) sentenced him to two months in prison; and 3) sentenced him to one year of supervised release. At the time, the court was entitled to sentence Boecker to up to 21 months in prison (not 24 months because Boecker had spent 3 months in home detention), and up to 33 months of supervised released, minus the prison time imposed, under the terms of § 3583(e)(3) and (h). The court acted well within the terms of the statute.

When Boecker violated the terms of his supervised release again, the court was entitled to sentence him to up to 19 months in prison and 31 months of supervised release, minus the aggregate prison sentences imposed after revocation. Again, acting within the terms of the statute, the court sentenced Boecker to 14 months in prison and no supervised release. Boecker has failed to state a legitimate claim.

III.    Conclusion

For the reasons cited above, we affirm the district court's imposition of a 14-month sentence against Boecker.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.