PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

GARY Z. HAGER,
            *Defendant-Appellant.*

⎫
⎬   No. 01-4431
⎭

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Elizabeth V. Hallanan, Senior District Judge.
(CR-95-93)

Argued: January 24, 2002

Decided: April 30, 2002

Before WILKINSON, Chief Judge, and LUTTIG and
MICHAEL, Circuit Judges.

Affirmed by published opinion. Chief Judge Wilkinson wrote the
opinion, in which Judge Luttig joined. Judge Michael wrote a dissenting opinion.

## COUNSEL

**ARGUED:** Edward Henry Weis, First Assistant Federal Public
Defender, Charleston, West Virginia, for Appellant. Robert Booth
Goodwin, II, Assistant United States Attorney, Charleston, West Virginia, for Appellee. **ON BRIEF:** Mary Lou Newberger, Acting Federal Public Defender, Charleston, West Virginia, for Appellant.

Charles T. Miller, United States Attorney, Charleston, West Virginia, for Appellee.

---

**OPINION**

WILKINSON, Chief Judge:

Defendant Gary Hager contends that the district court erred by not crediting the time he served on home confinement following his first violation of supervised release against the maximum prison term that could be imposed under 18 U.S.C. § 3583(e)(3) for a subsequent violation of supervised release. We affirm the judgment.

I.

In November 1995, defendant Gary Hager pleaded guilty to the possession of an unregistered firearm in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. This is a Class D felony. *See* 18 U.S.C. § 3559(a)(4). Hager was sentenced to thirty-three months in prison and thirty-six months supervised release. Hager began serving his supervised release term on February 27, 1998. On May 6, 1999, Hager admitted violating the conditions of his supervised release by, *inter alia*, driving while intoxicated. The district court therefore revoked Hager's supervised release and, pursuant to 18 U.S.C. § 3583(h), sentenced him to six months home confinement and a reimposed thirty month term of supervised release.

On January 8, 2001, Hager's probation officer alleged that Hager had again violated the conditions of his supervised release. At a May 24, 2001 hearing, the district court found that Hager had been a felon in possession of a firearm, had been indicted in Kentucky on the felony charge of Flagrant Non-Support as a result of approximately $43,000 in past due child support, and had made false statements to his probation officer regarding payment toward the child support arrearage, all in violation of his second term of supervised release. Pursuant to 18 U.S.C. § 3583(e)(3), the court revoked Hager's supervised release and sentenced him to two years in prison, the maximum available under § 3583(e)(3) for an underlying Class D felony. Hager

urged the court to credit against the two year prison term the six months he had spent on home confinement following the violation of his first term of supervised release. The district court concluded that such credit was not available for home confinement. Hager appeals.

II.

Section 3583(e) provides that a court may:

>    (3)   revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve more than . . . 2 years in prison if such offense is a class C or D felony . . . ; or

>    (4)   order the defendant to remain at his place of residence during nonworking hours and, if the court so directs, to have compliance monitored by telephone or electronic signaling devices, except that an order under this paragraph may be imposed only as an alternative to incarceration.

18 U.S.C. § 3583(e)(3)-(4).

Hager contends that the six months he spent on home confinement following the violation of his first term of supervised release must be credited against the maximum term of imprisonment under § 3583(e)(3) for his second violation of supervised release. Hager asserts, and we assume without deciding, that § 3583(e)(3)'s maximum prison term limits the total prison time that may be imposed for multiple violations of supervised release. Hager then argues that, because § 3583(e)(4) states that home confinement "may be imposed only as an alternative to incarceration," home confinement is equivalent to prison for the purpose of providing credit against the maximum allowable term of imprisonment. Hager maintains that the

district court therefore erred by imposing a prison sentence in excess of eighteen months as a result of his second violation of supervised release, because he had already served six months of home confinement following his first violation of supervised release.

We disagree. Home confinement is not incarceration. And contrary to Hager's assertion, Congress' choice of the word "alternative" does not indicate that home confinement and incarceration are equivalents under the statute. Instead, the word alternative indicates quite the opposite. The dictionary defines alternative as: "a proposition or situation offering a choice between two or more things only one of which may be chosen" or "one of two or more things, courses, or propositions to be chosen." *Merriam-Webster's Collegiate Dictionary* 34 (10th ed. 1999). This makes clear that alternatives are different things. The word alternative simply does not imply that two things are the same or equivalent.

Another definition of alternative further illustrates this point by explaining that alternative means two things "mutually exclusive so that if one is chosen the other must be rejected." *The Random House Dictionary of the English Language* 61 (2d ed. 1987). If two things are mutually exclusive, they cannot be the same. Therefore, the plain meaning of § 3583(e)(4) indicates that Hager's term of home confinement was not the equivalent of incarceration and that home confinement should not receive credit as incarceration under the statute. The district court properly recognized this by stating that Hager was "stretching the point trying to say that a substitute for incarceration equals incarceration."

Home confinement in this case is more properly viewed as a condition of supervised release. Section 3583(d) allows a court to impose "any condition set forth as a discretionary condition of probation" in 18 U.S.C. § 3563(b)(1)-(10) and (b)(12)-(20) as a condition of supervised release. And § 3563(b)(19) allows a court to impose home confinement, using language nearly identical to that in § 3583(e)(4), including the stipulation that home confinement "may be imposed only as an alternative to incarceration." These provisions indicate that Congress generally views home confinement as part of a sentence of probation or supervised release, not as imprisonment. Once home confinement is recognized as a condition of supervised release,

§ 3583(e)(3) makes clear that a defendant does not receive credit against the maximum revocation prison term "for time previously served on postrelease supervision."

Hager contends that in this case the district court made his term of home confinement equivalent to incarceration, not a condition of supervised release. Hager bases this argument on the fact that, during the first revocation and reimposition of his supervised release, the court relied on 18 U.S.C. § 3583(h), which states:

> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In the first revocation proceeding, the district court imposed a six month term of home confinement and a thirty month term of supervised release. Hager asserts that this was actually the reimposition of his original thirty-six month term of supervised release, less the six month term of home confinement. Hager argues that unless the district court intended home confinement to be equivalent to a prison term, the court could not have reimposed supervised release under § 3583(h). Hager maintains that if home confinement is the equivalent of a prison term for purposes of § 3583(h), it must also be equivalent for the purpose of determining the maximum sentence under § 3583(e)(3).

We are unpersuaded. Just because the incidents of home confinement and incarceration may be the same under § 3583(h), it does not follow that the six months Hager spent on home confinement constitutes imprisonment under § 3583(e)(3). One can argue, of course, that home confinement can be quite restrictive and that the district court in this case may even have intended Hager's home confinement to

serve effectively as a prison term. However the district court's intention is not the operative fact. Congress either declined to equate the familiar confines of home with the unfamiliar surroundings of a prison setting or decided that being required to stay at home, even for a period of months, is not the same as being required to serve time in a penal institution. In view of this statutory directive that home confinement and incarceration are "alternatives," the courts are simply not permitted to assume an equivalence. We thus decline to hold home confinement to be equal to incarceration for the purpose of providing credit against the maximum revocation prison term under § 3583(e)(3).

## III.

The dissent makes a generalized argument of "inconsistency" which we have earlier addressed. The characterization of home confinement is of course the province of Congress. What the dissent never does is come to grips with the terms of what all concede to be the operative statute. How the dissent can pronounce an action improper under 18 U.S.C. § 3583(e) without even once addressing the actual terms of that provision is a mystery. For the foregoing reasons, we affirm the judgment of the district court.

*AFFIRMED*

MICHAEL, Circuit Judge, dissenting:

The majority says that it was proper for six months of home confinement to be considered imprisonment when that interpretation allowed the district court to order a new term of supervised release for Gary Hager under 18 U.S.C. § 3583(h). The majority holds, however, that this same home confinement does not equal imprisonment for the purpose of allowing Hager to receive six months' credit against a two-year prison term imposed under § 3583(e)(3) for his violation of the new term of supervised release. Because this inconsistent approach results in unfair punishment for Hager, I respectfully dissent.

Hager was convicted in 1995 for possession of a sawed-off shotgun, a class D felony. He was sentenced to thirty-three months in

prison to be followed by the maximum term of supervised release for a class D felony, thirty-six months. Hager did his time in prison, but he violated conditions of his supervised release about thirteen months into his term. The district court's options for dealing with Hager's supervised release violation included the following. First, under 18 U.S.C. § 3583(e)(2) the court could have chosen to "modify . . . or enlarge the conditions" of his supervised release. (The term of Hager's supervised release could not have been extended under § 3583(e)(2) because he had already received the thirty-six month maximum.) Second, the court could have revoked Hager's supervised release and imposed a term of imprisonment of up to two years under § 3583(e)(3). When a defendant is "required to serve a term of imprisonment" for his supervised release violation, § 3583(h) allows the imposition of a *new* term of supervised release to follow the prison time. The new term of supervised release cannot exceed the term authorized for the underlying offense, less any prison time imposed upon revocation of the original term of supervision. *See* 18 U.S.C. § 3583(h).

The district court chose the second option. The court revoked Hager's supervised release and sentenced him to six months of home confinement "with a total lockdown," except for appointments related to matters such as supervision or medical needs. In addition, the court ordered that Hager's term of home confinement be followed by a new, thirty-month term of supervised release. This disposition shows that the district court considered home confinement to be the equivalent of imprisonment; otherwise, the court could not have imposed a new term of supervised release.

Hager served the six months of home confinement and then began serving his new term of supervised release. He stumbled once again, however, violating conditions of his supervision. This time, the court sentenced Hager to twenty-four months' imprisonment, the maximum prison term available for a violation of supervised release when the underlying offense is a class D felony. *See* 18 U.S.C. § 3583(e)(3). Hager asked the district court to give him credit for the six months he had served in home confinement for his first supervised release violation because the court had deemed that confinement to be imprisonment.* The district court denied the credit, holding on this occasion

---

*Hager sought the credit on the ground that prison sentences following multiple revocations of supervised release should be aggregated in calcu-

that home confinement does not equal incarceration. The majority is wrong, I believe, to affirm the district court.

The majority holds that for purposes of § 3583(e)(3) — the subsection under which Hager was sent to prison for two years for violating his new term of supervised release — home confinement is not incarceration but is "a condition of supervised release." *Ante* at 4. For that reason, the majority will not allow the time Hager spent in home confinement to be deducted from the prison term he received under § 3583(e)(3) for violating conditions of supervision. This is okay, according to the majority, even though the district court treated the *same* home confinement as incarceration on an earlier occasion in order to assign Hager a new term of supervised release under § 3583(h), another subsection of the same statute. The majority brushes off the inconsistency, stating that "Just because the incidents of home confinement and incarceration may be the same under § 3583(h), it does not follow that the six months Hager spent on home confinement constitutes imprisonment under § 3583(e)(3)." *Ante* at 5.

The majority's inconsistent approach to whether imprisonment includes home confinement cannot be justified. First, the majority violates a fundamental rule of statutory construction: a statutory term should be given a consistent meaning throughout a statute. *Brown v. Gardner*, 513 U.S. 115, 118 (1994). Statutes, in other words, should be read "as harmonious texts," *Leaf Tobacco Exporters Ass'n v. Block*, 749 F.2d 1106, 1115 (4th Cir. 1984), and imprisonment should therefore mean the same thing throughout § 3583. Second, the majority's inconsistent reading of subsections (h) and (e)(3) of § 3583 results in unfair punishment for Hager. He is dealt all of the disadvantages of treating home confinement like imprisonment, but he is denied any of the benefits. When Hager violated his supervised

lating the total prison time that may be imposed under § 3583(e)(3) in connection with one underlying offense. Although the majority does not reach the aggregation question, I agree that aggregation is required. To hold otherwise "would permit an endless cycle of consecutive terms of imprisonment and supervised release based on a single underlying offense, a result that Congress gave no indication whatsoever of intending." *United States v. Merced*, 263 F.3d 34, 37 (2d Cir. 2001).

release the first time, the district court equated home confinement with imprisonment, which allowed the court to invoke § 3583(h) and give Hager a new thirty-month term of supervised release following his six months of home confinement. Again, § 3583(h) was only available because the district court had revoked supervised release and imposed a term of imprisonment. If home confinement had simply been a stricter condition of supervised release, as the majority holds it is today for purposes of § 3583(e)(3), Hager could not have received a new term of supervised release under § 3583(h). Nor could his original term of supervised release have been extended under § 3583(e)(2) because he had already been given the maximum supervision term for a class D felony. Rather, the six months in home confinement would have been credited against his original term of supervised release. That, of course, did not happen because home confinement meant imprisonment back when Hager violated his original term of supervised release. Later, when Hager was sentenced to two years in prison for violating his new term of supervised release, the meaning of home confinement changed: it was no longer the equivalent of imprisonment. This inconsistent approach, which the majority endorses, unjustly denies Hager credit against his prison term.

In sum, the majority fails to require consistency throughout § 3583 on the question whether imprisonment includes home confinement. That failure is unfair to Hager, and it is unsound statutory construction. Because Hager should be allowed six months' credit against his prison term, I respectfully dissent.