**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4421**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

REGINALD CHAVERS,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, Senior
District Judge.  (2:08-cr-00834-PMD-1)

———————

Submitted:  December 20, 2011      Decided:  December 22, 2011

———————

Before MOTZ, DUNCAN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Derek J. Enderlin, ROSS AND ENDERLIN, P.A., Greenville, South
Carolina, for Appellant.  Peter Thomas Phillips, Assistant
United States Attorney, Charleston, South Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

While on supervised release, imposed as part of his sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (2006), Reginald Chavers had his release revoked. Chavers was thereafter convicted of violating his supervised release. The district court sentenced him to eleven months of imprisonment, two years of supervised release, and six months of home confinement. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising the following issues, whether: (1) the district judge should have recused himself; (2) the court erred by finding that Chavers violated his supervised release because of his arrest for domestic violence; (3) the court erred by imposing as a condition of his supervised release that Chavers could not be employed where he would be required to carry a weapon; (4) the court erred by finding that Chavers changed employment in violation of a condition of his supervised release; (5) the court erred by sentencing him to six months of home confinement; (6) Chavers was entitled to a detention hearing; and (7) defense counsel had a conflict of interest. For the reasons that follow, we affirm.

As conceded by Anders counsel, claims one, two, three, and six are reviewed only for plain error, as Chavers raises

2

them for the first time on appeal. See United States v. Olano, 507 U.S. 725, 732 (1993) (detailing plain error standard). Chavers fails to meet the demanding burden of establishing plain error for any of these claims. Chavers provides no precedent for his argument, and we find none, that Senior Judge Duffy had a conflict of interest in adjudicating his supervised release violation because he also adjudicated his underlying § 922(g) conviction. The court heard the facts underlying the domestic violence incident and determined by a preponderance of the evidence that Chavers violated his condition not to engage in new criminal conduct. See 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2011). The district court imposed as a condition of Chavers' supervised release that he not be employed in a capacity where he would wear a uniform, badge, or carry a weapon. This was reasonable in light of the fact that Chavers was employed as an armed security guard at the time of his underlying § 922(g) conviction. Chavers did not timely request a detention hearing, which may be waived under 18 U.S.C. § 3142 (2006), and such claims generally are moot following conviction. See Murphy v. Hunt, 455 U.S. 478, 481 (1982) (observing that defendant's "claim to pretrial bail was moot once he was convicted" (emphasis in original)).

Chavers remaining claims also fail. The court did not abuse its discretion by finding that Chavers failed to provide

his probation officer with prior notice of his change of employment, United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999) (providing standard), the court did not err by imposing a term of supervised release and home confinement, United States v. Hager, 288 F.3d 136, 137-38 (4th Cir. 2002), and Chavers' defense counsel did not have an actual conflict of interest because Chavers previous counsel, who was dismissed, also worked for the public defenders' office. Mickens v. Taylor, 535 U.S. 162, 168-69 (2002).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. Chavers' sentence was imposed within his advisory Sentencing Guidelines range and the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 438-40 (4th Cir. 2006). We therefore affirm Chavers' conviction and sentence. This court requires that counsel inform Chavers, in writing, of the right to petition the Supreme Court of the United States for further review. If Chavers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Chavers. We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED