[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10230

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RONDELL HALL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:15-cr-00286-KD-C-1

_____

Before BRANCH, BRASHER, and ED CARNES, Circuit Judges.

BRASHER, Circuit Judge:

This appeal presents a question of first impression about supervised release and home confinement. The relevant statutes provide that a district court may impose home confinement with electronic monitoring in two circumstances. First, a district court may impose home confinement as a special condition of probation or supervised release under 18 U.S.C. § 3563(b)(19). Second, a court may impose home confinement to punish a supervised release violation under 18 U.S.C. § 3583(e)(4). In both instances, Congress specified that district courts may order home confinement with electronic monitoring "only as an alternative to incarceration." *Id.* §§ 3563(b)(19), 3583(e)(4). Considering this limitation, the question for us is whether a district court may sentence a defendant to home confinement for violating the terms of his supervised release even if the district court has sentenced the defendant to the statutory maximum period of imprisonment for that violation. We join the Fifth Circuit in answering this question "no." *See United States v. Ferguson*, 369 F.3d 847, 852 (5th Cir. 2004).

Rondell Hall, a class C felon, violated the conditions of his supervised release. After revoking his supervised release, the district court sentenced Hall to the statutory maximum of two years' imprisonment and added one year of home confinement with location monitoring. We conclude that Hall's sentence is inconsistent with the limitation that a district court may impose home confinement "only as an alternative to incarceration." Because the

district court sentenced Hall to the statutory maximum term of two years' imprisonment, it lacked authority to impose an additional year of home confinement with electronic monitoring "as an alternative to incarceration." We therefore vacate Hall's sentence to the extent it imposed a term of home confinement and remand for resentencing.

## I.

The story of how Hall received the sentence at issue in this appeal begins in 2016, when he pleaded guilty to unlawful possession of a firearm as a convicted felon, a class C felony. 18 U.S.C. § 922(g)(1). After Hall served fifty-seven months in prison, he began a three-year term of supervised release. Hall's supervised release included the conditions that he: (1) refrain from committing another crime, (2) keep his probation officer apprised of his current residence, (3) avoid places where people sell or use controlled substances, and (4) avoid associating with anyone involved in criminal activity or convicted of a felony. Hall's supervised release began in September 2020.

Roughly one year into his term, the district court revoked Hall's supervised release because he violated multiple conditions. Specifically, at the revocation hearing, Hall admitted to changing his residence without telling his probation officer and frequenting a place known for illegal drug activity. The district court additionally found by a preponderance of the evidence that Hall violated

his conditions by engaging in domestic violence and possessing a firearm.

In response to these violations, the district court revoked Hall's term of supervised release and imposed a modified sentence under 18 U.S.C. § 3583(e). The court noted that the statutory maximum term of imprisonment for a class C felony upon revocation of supervised release is two years. The court sentenced Hall to two years' imprisonment—the statutory maximum—followed by a one-year term of home confinement. The district court made clear that home confinement would mean that Hall must submit to location monitoring and be "restricted to [his] residence at all times," except for preapproved activities, like employment, church, or court appearances.

Hall objected only to the home confinement order, which the district court noted and overruled. Hall then moved to vacate the home confinement order. The district court denied Hall's motion. Hall timely appealed.

## II.

We review *de novo* the legality of a sentence, including a sentence imposed pursuant to the revocation of a term of supervised release. *United States v. Mazarky*, 499 F.3d 1246, 1248 (11th Cir. 2007). We also review issues of statutory interpretation *de novo. Id.*

## III.

Sections 3563(b)(19) and 3583(e)(4) both provide that a district court may order a defendant to "remain at his place of residence during nonworking hours" and "be monitored by telephonic or electronic signaling devices, except that [a condition or order] under this paragraph may be imposed only as an alternative to incarceration." 18 U.S.C. §§ 3563(b)(19), 3583(e)(4). In light of this statutory language, the sole question in this appeal is whether the district court lawfully sentenced Hall to home confinement in addition to the statutory maximum term of imprisonment for his supervised release violation. Hall argues the court did not, and we agree.

Our discussion proceeds in three parts. First, we set out the statutory framework for sentencing upon revocation of a defendant's supervised release. Second, we determine the ordinary meaning of "as an alternative to incarceration" in Sections 3563(b)(19) and 3583(e)(4). Third, we address (and dispose of) the government's arguments for why home confinement may be imposed on top of a statutory maximum sentence of incarceration.

### A.

We start with some basics. A district court may impose a sentence only if a statute authorizes that sentence. *See generally* 18 U.S.C. § 3551. Accordingly, a sentence cannot exceed the maximum term authorized by statute. *See id.* §§ 3581, 3583. And a

district court cannot impose a sentence in circumstances that a statute forbids.

Federal law authorizes a category of sentences called "supervised release," "a form of postconfinement monitoring" provided "to facilitate a transition to community life." *Mont v. United States*, 139 S. Ct. 1826, 1833 (2019) (cleaned up). When a district court sentences a defendant to a term of imprisonment, it may include "as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(a). The district court should include conditions during this term of supervised release to encourage the defendant to avoid future criminal activity. For example, a district court must order as a condition of supervised release that the defendant "not commit another . . . crime." *Id.* § 3583(d). It has the discretion to impose other conditions, such as "any condition set forth as a discretionary condition of probation in section 3563(b)." *Id.* Section 3563(b) lists about twenty potential discretionary conditions, such as working in community service or refraining from excessive use of alcohol. *See id.* § 3563(b).

If a defendant violates a condition of his supervised release, the district court may revoke the supervised release and impose a revised sentence. *Id.* § 3583(e)(3). The revised sentence may include imprisonment for a term "authorized by statute for the offense that resulted in such term of supervised release," i.e., the original offense. *Id.* For a defendant convicted of a class C felony, like Hall, the revised sentence's term of imprisonment may not exceed

22-10230               Opinion of the Court                    7

two years. *Id.* A district court may also impose a new term of supervised release after the revised term of imprisonment. *Id.* § 3583(h). That term cannot exceed the original maximum term for supervised release (here, three years) less the time the defendant is sentenced to prison upon revocation. *Id.* § 3583(b)(3), (h). So, if someone like Hall is sentenced to two years imprisonment, they can be sentenced to a maximum of one year of supervised release to follow.

For its part, a sentence of home confinement requires a defendant to "remain at his place of residence during nonworking hours and, if the court so directs, to have compliance monitored by telephone or electronic signaling devices." *Id.* § 3583(e)(4); *see also id.* § 3563(b)(19). Two relevant provisions authorize district courts to sentence defendants to home confinement. First, as explained above, when a court sentences a defendant to probation or supervised release, it may impose any of the discretionary conditions listed in Section 3563(b). *See* 18 U.S.C. § 3583(d). Home confinement is one such discretionary condition. *Id.* § 3563(b)(19). Second, Section 3583(e) separately authorizes courts to impose a term of home confinement as punishment when a defendant violates the conditions of his supervised release. *Id.* § 3583(e)(4). Importantly, in both instances, the statute provides that an order for home confinement "may be imposed only as an alternative to incarceration." *Id.* §§ 3583(e)(4), 3563(b)(19).

*B.*

We now turn to Hall's arguments. Everyone agrees that, upon revoking his original term of supervised release, the district court could sentence Hall to two years of imprisonment (the maximum) and one year of supervised release (three years minus the term of imprisonment). 18 U.S.C. § 3583(b)(3), (e)(3), (h). But Hall argues that, because the district court sentenced him to the statutory maximum term of incarceration for his violation, the court erred by imposing one year of home confinement as an additional punishment for that offense. The government argues that this sentence—the statutory maximum term of imprisonment followed by one year of home confinement—was not an abuse of the district court's discretion.

There are two ways to understand the home confinement portion of Hall's sentence. The district court may have imposed a year of home confinement as punishment for Hall violating the conditions of his previous supervised release. *See id.* § 3583(e)(4). Or the district court may have imposed one year of supervised release to follow Hall's two years of incarceration, *see id.* § 3583(h), and added home confinement as a special condition to that one-year term of supervised release, *see id.* § 3563(b)(19). The district court cited both statutes in explaining its sentence. Either way, the statutes that authorize a sentence of home confinement provide that it is authorized "only as an alternative to incarceration." *Id.* §§ 3563(b)(19), 3583(e)(4). Accordingly, to resolve Hall's argument we

must determine the ordinary meaning of "except [home confine-ment] may be imposed only as an alternative to incarceration."

In the government's view, the phrase is merely hortatory or suggestive. Specifically, the government asks us to read "only as an alternative to incarceration" as a directive to sentencing courts to treat home confinement and incarceration as different things. The government contends that Congress wanted sentencing courts to appreciate that home confinement "is not imprisonment itself." We cannot agree with this interpretation.

For starters, the government's reading would give this phrase no operative effect. Home confinement is the only enumer-ated condition of probation or supervised release that includes the caveat "except that a condition under this paragraph may be im-posed only as an alternative to incarceration." 18 U.S.C. § 3563(b)(19). It appears in both places where the statute authorizes home confinement. *See id.*; *id* § 3583(e)(4). But it is not the only supervised release condition with an express limitation on a district court's authority to impose it. *See* 18 U.S.C. § 3563(b)(10) (capping nights and weekends in custody at "the lesser of one year or the term of imprisonment authorized for the offense"). Nothing about the placement of these provisions or the text suggests they are hor-tatory. And we cannot adopt an interpretation of this phrase that simply "render[s] it superfluous." *In re Shek*, 947 F.3d 770, 776 (11th Cir. 2020); *see also Myers v. TooJay's Mgmt. Corp.*, 640 F.3d 1278, 1285 (11th Cir. 2011) ("[A] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or

superfluous, void or insignificant.") (quoting *Corley v. United States*, 556 U.S. 303, 314 (2009)).

The government's reading also makes very little sense in light of the statute's text. The statute does not say that "courts shall not consider home confinement to be imprisonment." Instead, the operative phrase expressly conditions a district court's authority to impose a sentence of home confinement. The statute provides that a district court may impose home confinement "except . . . only as an alternative to incarceration." The word "except" means "other than" or "but." *See Except*, Webster's New World Dictionary (3d. ed. 1988). The phrase that follows "except" is an exception: courts may impose home confinement "*except* . . . only as an alternative to incarceration." *See* 18 U.S.C. §§ 3563(b)(19), 3583(e)(4) (emphasis added). *See Except*, Webster's New World Dictionary (3d. ed. 1988). The government's interpretation would read out "except" altogether. We are confident that, if Congress had wanted to say only that home confinement does not count as incarceration, it would have done so with different language.

Finally, we note that there was no reason for Congress to tell courts to treat imprisonment and home confinement differently. The Code already makes clear that the twenty-three discretionary conditions that courts may impose during probation or supervised release do not count as incarceration. *See* 18 U.S.C. § 3563(b); *see also id.* § 3583(d). Like home confinement, these conditions are allowed as part of probation or supervised release, which the sentencing statutes treat separately from incarceration.

*See id.* § 3563(b); *see also United States v. Chavez*, 204 F.3d 1305, 1315 (11th Cir. 2000) (holding that "residence in a halfway house is not tantamount to imprisonment" because it "is a lawful and reasonable part of [a] probationary sentence"). But, unlike home confinement, there are no phrases suggesting that these conditions are "not imprisonment." The reason: such statements are unnecessary.

Because we disagree with the government, we conclude that the phrase—"except that a condition under this paragraph may be imposed only as an alternative to incarceration"—must limit a district court's sentencing authority. To determine what that limitation is, we begin, as always, with the words of the statute. *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc). Lacking applicable statutory definitions, "we look to the common usage of words for their meaning" and may turn to "dictionary definitions for guidance." *CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1222−23 (11th Cir. 2001) (internal quotations omitted). The word "alternative" is defined as "providing or being a choice between two or among more than two things," *see Alternative*, Webster's New World Dictionary (3d ed. 1988), or "a choice limited to one of two or more possibilities, as of things, propositions, or courses of action, the selection of which precludes any other possibility." *See Alternative*, Random House Dictionary (2d ed. 1987). For example, "[t]he alternative to riding is walking" because "the selection of [one] precludes" the other. *Id.* Employing this definition buttresses our common sense understanding of the term "alternative": an alternative is a choice between at least two things.

In light of this definition, we see two possible ways to under-stand home confinement as an "alternative to incarceration." This language could preclude a district court from ordering home con-finement and incarceration in the same sentence i.e., the selection of one entirely precludes the other. Or the phrase "alternative to incarceration" could mean that a district court may impose home confinement only if it could have imposed incarceration i.e., that choosing one is an "alternative" to choosing the other.

We can quickly dispose of the first reading. Faced with the same argument, the First Circuit has concluded that home confine-ment as an "alternative to incarceration" does not mean the two cannot be combined in the same sentence. *United States v. Marcano*, 525 F.3d 72, 73 (1st Cir. 2008). We agree. Because the statute expressly allows courts to combine incarceration and supervised release in the same sentence, *see, e.g.*, 18 U.S.C. § 3583(h), and ex-pressly allows home confinement as a condition of supervised re-lease, *id.* § 3563(b)(19), courts must be able to combine incarcera-tion and home confinement in the same sentence. The statute's use of the phrase "alternative to incarceration" thus cannot be read to mean "that the imposition of *any* period of incarceration pursuant to § 3583(e)(3) necessarily precludes *any* home confinement during the ensuing period of supervised release." *Marcano*, 525 F.3d at 73.

Instead, we believe the second reading is the correct one. That is, a district court imposes home confinement "as an alterna-tive to incarceration" when the district court has the authority to impose a term of imprisonment but chooses to impose home

confinement instead. The upshot is that a district court may consider home confinement as an option only when a term of incarceration is also on the table. Conversely, a district court without the authority to impose imprisonment cannot impose home confinement. If a district court lacks authority to impose a term of imprisonment, then a term of home confinement would not be "as an alternative to incarceration."

Here, the district court sentenced Hall to the maximum term of incarceration and an additional year of home confinement. Based on our understanding of the statute, we agree with Hall that this sentence is illegal. As the Fifth Circuit has explained, a court cannot "impose the maximum term of incarceration under subsection (e)(3) and also impose a period of home confinement under (e)(4)." *Ferguson*, 369 F.3d at 851. The reason is that incarceration beyond the statutory maximum term is not an option available to a district court. *See* 18 U.S.C. §§ 3581, 3583(e)(3). Because the district court did not have the option to impose imprisonment, it lacked authority to impose home confinement.

Whether we view Hall's term of home confinement as a special condition of supervised release under Section 3563(b)(19) or as a stand-alone punishment under Section 3583(e)(4), a court may impose it "only as an alternative to incarceration." 18 U.S.C. §§ 3563(b)(19), 3583(e)(4). The ordinary meaning of these provisions is that the district court erred by imposing a term of home confinement when it could not have imposed the same term of imprisonment.

### C.

The government makes three final arguments against this common sense reading of the statutory text: (1) our holding, it argues, is inconsistent with our prior precedent; (2) our decision would split with the Fourth Circuit's decision in *United States v. Hager*, 288 F.3d 136, 137 (4th Cir. 2002); and (3) the difficulties of differentiating special conditions of supervised release from home confinement make our holding impracticable. We explain why each argument fails in turn.

### 1.

First, the government argues our plain text reading conflicts with our prior precedent in *United States v. Mangaroo*, 504 F.3d 1350, 1354 (11th Cir. 2007). We are not persuaded.

The facts in *United States v. Mangaroo* bear little resemblance to those here. In *Mangaroo*, the defendants were convicted of firearm offenses that, by statute, required a minimum term of incarceration and prohibited probation. *Id.* at 1353–54. We thus held that the district court erred in sentencing the defendants to home confinement—a "condition[] of probation"—because "home confinement is not incarceration." *Id.* at 1354. Unlike the statute in *Mangaroo*, Section 3583(e) provides courts with a range of options for resentencing upon revocation of supervised release, including incarceration, home confinement, or a combination of the two. 18 U.S.C. § 3583(e)(3), (4). And, of course, we did not address the

meaning of "alternative" in either Section 3583(e)(4) or Section 3563(b)(19) in *Mangaroo*.

In any event, our reasoning in *Mangaroo* aligns with our reasoning here. The government emphasizes our conclusion in *Mangaroo* that "home confinement is not incarceration." *See Mangaroo*, 504 F.3d 1354. But we agree that "home confinement is not incarceration." The whole point is that, under Section 3583(e)(4) or Section 3563(b)(19), they must be treated as "alternatives" that are not the same. That is, they are mutually exclusive options where the selection of imprisonment precludes, in some respects, the selection of home confinement.

2.

Second, the government argues that we are creating a split with the Fourth Circuit's decision in *United States v. Hager*, 288 F.3d 136, 137 (4th Cir. 2002). Again, we disagree. In *Hager*, the Fourth Circuit considered whether a defendant should receive credit against the statutory maximum sentence for a new revocation for time he served on home confinement when his supervised release was previously revoked. *Id.* at 136. The court in *Hager* noted that "the word 'alternative' does not indicate that home confinement and incarceration are equivalents under the statute." *Id.* at 137. And the court held that a previous period of home confinement from a prior revocation does not count as imprisonment for calculating the statutory maximum sentence that could be imposed for a new violation of a supervised release. *Id.* at 139.

*Hager* is inapposite for at least two reasons.

First, the court in *Hager* was answering the inverse of our question. The language we are interpreting restricts the district court's power to impose home confinement, not its authority to impose incarceration. *See* 18 U.S.C. §§ 3583(e)(3), 3563(b)(19). But the court in *Hager* was considering whether the district court could impose a new term of imprisonment, not a new term of home confinement. *Hager*, 288 F.3d at 139. *Hager* has nothing to say about a district court's ability to impose home confinement. And, conversely, our opinion says nothing about when a district court can impose a term of imprisonment.

Second, *Hager* is based on a reading of the statute that has been superseded by an amendment and that we have already disavowed. The court in *Hager* began by "assum[ing] without deciding [] that § 3583(e)(3)'s maximum prison term"—here, two years—"limits the total prison time that may be imposed for *multiple violations* of supervised release." *Id.* at 137 (emphasis added). Then it addressed whether a previous sentence to home confinement should count toward that aggregate limit. *Id.* at 137–39. Congress has since amended Section 3583 to clarify that the maximum prison term a defendant may serve on revocation of supervised release does not aggregate over revocations; instead, it applies "on any such revocation." *See* Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003, Pub. L. 108-21, Title I, § 101, Apr. 30, 2003, 117 Stat. 651 (codified as amended at 18 U.S.C. § 3583(e)(3)). As we have explained, this statutory

22-10230              Opinion of the Court                 17

change clarified that "upon each revocation of supervised release a defendant may be sentenced to the felony class limits contained within § 3583(e)(3) without regard to imprisonment previously served for revocation of supervised release." *United States v. Cunningham*, 800 F.3d 1290, 1293 (11th Cir. 2015). Thus, the question presented in *Hager* can no longer arise— because the full statutory maximum applies to each new revocation, there is no need to decide whether to count previous sentences for home confinement (or imprisonment) as credit against sentences for future revocations.

3.

Finally, the government argues that our holding will be difficult to apply in practice because it is hard to determine whether a special condition of supervised release amounts to home confinement. We disagree.

We are not convinced that it will be difficult in practice to distinguish home confinement from other conditions of supervised release. Consider this case as an example. The district court expressly ordered Hall to complete "home detention with location monitoring." Thus, the district court's home detention order is plainly one that, under Sections 3563(b)(19) and 3583(e)(4), "may be imposed only as an alternative to incarceration."

Moreover, the relevant statutes expressly distinguish home confinement from other kinds of conditions that may be imposed during probation or supervised release. Both Section 3563(b)(19)

and Section 3583(e)(4) provide a definition for home confinement: an "order [that] the defendant [must] remain at his place of residence during nonworking hours and, if the court so directs, to have compliance monitored by telephone or electronic signaling devices." 18 U.S.C. § 3583(e)(4); *accord id.* § 3563(b)(19). Accordingly, if courts have any difficulty in distinguishing home confinement from other conditions of supervised release, that difficulty arises from the text of the statute, not our holding.

## IV.

For these reasons, we **VACATE** Hall's revised sentence with the home confinement condition and **REMAND** for resentencing.