**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 23-4067**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BRANDON DWIGHT MOSES,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:22-cr-00121-WO-1)

───────────

Submitted:  February 20, 2024                    Decided:  March 21, 2024

───────────

Before WILKINSON and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Greensboro, North Carolina, Lisa S. Costner, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Dwight Moses pled guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Moses to 27 months' imprisonment followed by three years of supervised release. On appeal, Moses' counsel initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the procedural and substantive reasonableness of Moses' sentence. Although notified of his right to do so, Moses has not filed a pro se supplemental brief. After reviewing the record, we ordered supplemental briefing on the reasonableness of the special condition of supervised release requiring Moses to submit to home detention. Moses argues that the condition effectively constitutes an additional upward variance of Moses' term of imprisonment, that the court failed to state that it imposed home detention as a substitute for imprisonment, and that the condition is unreasonable. The Government contends that the district court adequately explained why it imposed the home detention condition and that the condition is reasonable in light of Moses' history of dangerous conduct and his resistance to court-directed mental health treatment. After reviewing the supplemental briefs, we affirm the district court's judgment.

We review a criminal sentence for reasonableness "under a deferential abuse-of-discretion standard." *United States v. Williams*, 5 F.4th 500, 505 (4th Cir. 2021). We must first confirm "that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based

on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007).  "If the sentence is procedurally sound, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances." *United States v. McCain*, 974 F.3d 506, 515 (4th Cir. 2020) (internal quotation marks omitted).  "Where, as here, the sentence is outside the advisory Guidelines range, we must consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Nance*, 957 F.3d 204, 215 (4th Cir. 2020) (internal quotation marks omitted).  In reviewing an upward variance, this court "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id*. at 212 (internal quotation marks omitted).

At sentencing, the district court accurately calculated Moses' Guidelines range, provided Moses an opportunity to argue for an appropriate sentence, addressed Moses' and the Government's sentencing arguments, considered the § 3553(a) factors, and adequately explained the chosen sentence.  The court considered Moses' mitigating arguments, including that Moses did not intend to use the firearm, that Moses had a history of medical and mental health challenges, and that Moses had a relatively positive employment record. But the court ultimately concluded that an upward variance was appropriate in light of the seriousness of the offense, Moses' criminal history, and the need to provide deterrence and promote respect for the law.  After reviewing the record, we conclude that the district court did not abuse its discretion by imposing the upward-variant sentence.  *See Nance*, 957 F.3d

3

at 215-17. And because "Congress generally views home confinement as part of a sentence of probation or supervised release, not as imprisonment," we need not consider Moses' term of home detention when evaluating the reasonableness of Moses' term of imprisonment. *United States v. Hager*, 288 F.3d 136, 138 (4th Cir. 2002), *superseded in part by statute*, Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003, Pub. L. No. 108-21, 117 Stat. 650.

Turning to the home detention condition, "[w]e ordinarily review conditions of supervised release for abuse of discretion." *United States v. Boyd*, 5 F.4th 550, 554 (4th Cir. 2021). "District courts have broad latitude to impose discretionary conditions of supervised release." *Id*. at 557 (internal quotation marks omitted). A district court may impose any discretionary condition so long as it "is reasonably related to the statutory sentencing factors referenced in 18 U.S.C. § 3583(d)(1)." *United States v. Douglas*, 850 F.3d 660, 663 (4th Cir. 2017) (internal quotation marks omitted). The condition must "involve[] no greater deprivation of liberty than is reasonably necessary" to satisfy these factors and be "consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d)(2), (3).

A district court must explain why a discretionary condition is warranted under § 3583(d). *Boyd*, 5 F.4th at 557. However, "[t]he degree of explanation required—the appropriateness of brevity or length, conciseness or detail, when to write, what to say—varies with the complexity of a given case." *Id*. (cleaned up). At bottom, "a sentencing court must always offer enough of an explanation to satisfy us that it has

4

considered the parties' arguments and has a reasoned basis for exercising its own legal decision-making authority." *Id*. at 559 (cleaned up).

Here, we conclude that the home detention condition is reasonable. Based on Moses' resistance to the court's direction that he participate in mental health and substance abuse treatment, the district court ordered that Moses be subject to one year of home detention upon his release from imprisonment. While the court did not expressly state that it imposed home detention as an alternative to imprisonment, the record reveals that the court imposed the term of home detention in lieu of a further upward variance. Additionally, the court explained that home detention was necessary to protect the public and provide Moses with appropriate correctional treatment. *See* 18 U.S.C. § 3553(a)(2)(C), (D). We thus conclude that the home detention condition is reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Moses, in writing, of the right to petition the Supreme Court of the United States for further review. If Moses requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moses.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5