**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10506

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

MARQUISE DEANGELO WHITE,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:24-cr-00013-WLS-ALS-1

_____

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Marquise White brings this appeal to challenge his conviction and sentence. Because all of his arguments are either foreclosed by precedent or forfeited, we affirm.

## I.

After a lawful search of White's home, police found drugs and guns—specifically, marijuana, dimethylpentylone, a Glock, and a semiautomatic rifle. A convicted felon, White was charged with (and pleaded guilty to) one count under 18 U.S.C. § 922(g)(1). At sentencing, the district court calculated the base offense level based on White's two prior state law convictions for possession of marijuana with intent to distribute, resulting in a Guidelines range of 121 to 151 months. *See* U.S. Sentencing Guidelines § 2K2.1(a)(1) (Nov. 2021). In the end, the court imposed a sentence of 136 months' imprisonment.

White brings this appeal to challenge (1) his § 922(g)(1) conviction as unconstitutional under the Second Amendment, (2) the district court's Guidelines calculation as erroneous, and (3) the government's references to fentanyl during the sentencing hearing as a due process deprivation.

## II.

"We review *de novo* the legality of a sentence" and the constitutionality of the statute of conviction. *United States v. Hall*, 64 F.4th 1200, 1202 (11th Cir. 2023); *see United States v. Fleury*, 20 F.4th 1353, 1362 (11th Cir. 2021).

## III.

*First*, this Court's precedents squarely foreclose White's as-applied Second Amendment challenge to § 922(g)(1). We recently rejected an identical challenge brought by a defendant who, like

25-10506           Opinion of the Court           3

White, was previously convicted of possession of marijuana with intent to distribute under Georgia law. *See United States v. Dubois* (*Dubois II*), 139 F.4th 887, 889, 894 (11th Cir. 2025). This case is alike in all respects.

*Second*, this Court's precedents also foreclose White's challenge to the district court's interpretation of guideline § 2K2.1(a)(1). In *United States v. Dubois* (*Dubois I*), 94 F.4th 1284 (11th Cir. 2024), we held—among other things—that Georgia's criminal prohibition on possession of marijuana with intent to distribute qualifies as a "controlled substance offense" under § 2K2.1(a).[1] *Id.* at 1300; *see* U.S.S.G. § 4B1.2(b); O.C.G.A. § 16-13-30(j) (2017). Again, we are bound by that precedent.

*Third*, White contends that the government's references to fentanyl violated due process. At the sentencing hearing, the government stated that police found a "fentanyl-related substance" in White's home. White correctly points out that while police initially suspected fentanyl, the drug tested positive for something else—dimethylpentylone, often known as "bath salts." And at the sentencing hearing, White testified that he had "never done fentanyl" before. The government's references to fentanyl, White

---

[1] The Supreme Court vacated *Dubois I* after its decision in *United States v. Rahimi*, 602 U.S. 680 (2024). *See Dubois v. United States*, 145 S. Ct. 1041 (2025). *Rahimi* did not cast doubt on our interpretation of § 2K2.1(a), and *Dubois II* reinstated our opinion in *Dubois I* and affirmed the defendant's conviction and sentence on that basis. *See* 139 F.4th at 889.

argues, introduced false or unreliable information into the sentencing hearing, which violated his due process rights.

Because White did not raise this objection to the district court at the sentencing hearing, we review only for "plain error." *See United States v. Carpenter*, 803 F.3d 1224, 1238 (11th Cir. 2015). We see none here. The government used the word "fentanyl" when it characterized the seized drug as a "fentanyl-related substance." At no point did the government say or imply that police found fentanyl in White's home. In fact, it was White's attorney—not the government—who confused dimethylpentylone for fentanyl. A few minutes into the hearing, he stated that in addition to marijuana, "a Schedule I, I believe fentanyl, was located in the residence where the firearm was located." The government's passing references to fentanyl therefore did not "seriously affect the fairness, integrity, or public reputation of a judicial proceeding." *United States v. Humphrey*, 164 F.3d 585, 588 n.3 (11th Cir. 1999).

★      ★      ★

We **AFFIRM**.