**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 24-4588**

─────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

v.

MARIEL WATSON,

        Defendant – Appellant.

─────────

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Richard Mark Gergel, District Judge.  (2:17−cr−01044−RMG−1)

─────────

Argued:  May 8, 2026                        Decided:  June 8, 2026

─────────

Before WILKINSON, NIEMEYER, and BENJAMIN, Circuit Judges.

─────────

Vacated and remanded by published opinion. Judge Wilkinson wrote the opinion, in which Judge Niemeyer and Judge Benjamin joined.

─────────

**ARGUED:**  Jeremy A. Thompson, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Andrea Gwen Hoffman, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.  **ON BRIEF:** Bryan P. Stirling, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

─────────

WILKINSON, Circuit Judge:

After Mariel Watson violated the terms of his supervision, the district court sentenced him to 41 months in prison followed by nearly 21 months in home detention. We vacate Watson's sentence and remand for resentencing. Home detention "may be imposed only as an alternative to incarceration." 18 U.S.C. § 3563(b)(19). That means the district court could not sentence Watson to a combination of incarceration and home detention exceeding the 48-month maximum term of incarceration permitted by 18 U.S.C. § 3583(e)(3).

I.

In 2018, Watson pled guilty to two felonies. The district court sentenced him to prison followed by a term of supervised release. If Watson did not abide by the conditions of his supervision, he risked being sent back to prison for up to 48 months and being placed in supervised release for up to the rest of his life. 18 U.S.C. § 3583(e)(3), (h), (k).

These potential repercussions failed to ensure Watson's good behavior. Almost immediately upon leaving prison, he violated several terms of his supervision. The district court accordingly revoked his supervised release and sentenced him to 41 months in prison followed by a lifetime of supervised release. One of the conditions of Watson's supervision was home detention for a period of 629 days, or nearly 21 months. *See id.* § 3563(b)(19).

The day after his revocation hearing, Watson moved for reconsideration of his sentence. He claimed he could not receive more than 7 months of home detention given that the maximum term of incarceration permitted by § 3583(e)(3) was 48 months and he

had already been sentenced to 41 months in prison. For support, he turned to § 3563(b)(19), which states that home detention "may be imposed only as an alternative to incarceration."

The district court denied Watson's motion. It held that periods of home detention do not count toward the maximum term of incarceration permitted by § 3583(e)(3) because home detention is distinct from incarceration. Watson timely appealed.

## II.

Watson's motion for reconsideration was in substance a motion to correct or reduce his sentence under Federal Rule of Criminal Procedure 35(a). Rule 35(a) allows district courts to "correct a sentence that resulted from arithmetical, technical, or other clear error." A clear error is "an obvious error or mistake . . . which would almost certainly result in a remand of the case." Fed. R. Crim. P. 35 advisory committee's note to 1991 amendment; *see also United States v. Ward*, 171 F.3d 188, 191 (4th Cir. 1999) (same). For the reasons below, we conclude that the sentence the district court imposed here was predicated on a clear mistake of law, one it should have corrected under Rule 35(a).

## A.

District courts exercise "substantial discretion in setting the terms and conditions of [supervised] release." *United States v. Hamilton*, 986 F.3d 413, 419 (4th Cir. 2021). But that discretion must yield to clear congressional commands. And in § 3563(b)(19), Congress made clear that home detention "may be imposed only as an alternative to incarceration." That means the combination of incarceration and home detention that district courts impose cannot exceed the statutory maximum term of incarceration.

3

Consider the ordinary meaning of "alternative." The term indicates "a choice between two things wherein if one thing is chosen the other is rejected." *Alternative*, Webster's Third New International Dictionary 63 (1986); *see also Alternative*, 1 Oxford English Dictionary 368 (2d ed. 1989) ("Of two things: Such that one or the other may be chosen, the choice of either involving the rejection of the other."). For a district court to impose a period of home detention as an "alternative" to incarceration, then, it must choose to forgo an equivalent period of incarceration that it otherwise could have imposed. If the district court did not have the ability to impose an equivalent period of incarceration, then it is ordering home detention *in addition to* incarceration, not *as an alternative to* it.

Here the district court ordered a combination of incarceration and home detention lasting approximately 62 months: 41 months in prison followed by nearly 21 months in home detention. Because § 3583(e)(3) permitted the district court to sentence Watson to no more than 48 months in prison, only 7 months of home detention could have been imposed "as an alternative to incarceration." The remaining period of home detention therefore clearly exceeded the district court's authority under § 3563(b)(19).

We are not the first court of appeals to recognize as much. Every circuit that has considered the question has reached the same conclusion. *United States v. Ferguson*, 369 F.3d 847, 850 (5th Cir. 2004) (per curiam) ("[I]ncarceration and home detention are alternative punishments that may not combine in excess of the maximum statutory term of incarceration."); *United States v. Hall*, 64 F.4th 1200, 1205–06 (11th Cir. 2023) ("[A] district court imposes home confinement 'as an alternative to incarceration' when the district court has the authority to impose a term of imprisonment but chooses to impose

4

home confinement instead."); *see also United States v. Leaphart*, 98 F.3d 41, 43 (2d Cir. 1996) (reaching a similar conclusion under the sentencing guidelines); *United States v. Marcano*, 525 F.3d 72, 73–74 (1st Cir. 2008) (per curiam) (expressing approval of the Fifth Circuit's decision in *Ferguson*).

B.

The district court relied on our decision in *United States v. Hager*, 288 F.3d 136 (4th Cir. 2002), to reach the opposite conclusion. But *Hager* did not address the issue presented here. In that case, there was no question the district court had imposed home detention as an alternative to incarceration. At the defendant's first revocation hearing, it chose to forgo incarceration entirely in favor of imposing 6 months of home detention followed by another 30 months of supervised release. *Id.* at 136–37. The question presented in *Hager* was whether, at the defendant's second revocation hearing, those 6 months of home detention counted toward the maximum term of incarceration the district court could impose under § 3583(e)(3). *Id.* at 137. We said that they did not count because home detention was a condition of supervised release, not a form of incarceration. *Id.* at 137–38.

Our decision today in no way departs from *Hager*. By holding that the combination of home detention and incarceration a district court imposes cannot exceed the maximum term of incarceration permitted by § 3583(e)(3), we are not suggesting that home detention constitutes incarceration within the meaning of that provision. *Hager* correctly held that it does not. We are holding that, under § 3563(b)(19), a district court cannot impose a period of home detention unless it forgoes an equivalent period of incarceration that it otherwise could have imposed under § 3583(e)(3). *Hager* simply did not concern § 3563(b)(19) or a

5

district court's ability to impose home confinement as a condition of supervised release. *See Hall*, 64 F.4th at 1207 (drawing the same distinction from *Hager*).

On appeal, the government argues we can affirm the district court's decision on an alternative basis. It contends that there is no reason a period of home detention must be counted one-for-one with a period of incarceration. So long as a district court does not impose the statutory maximum term of incarceration, the argument goes, it can impose as much home detention as it sees fit. Thus, in the government's view, the district court here could order nearly 21 months of home detention as an alternative to the 7 months of incarceration it otherwise could have chosen to impose.

While we acknowledge that home detention may be less unpleasant than prison, the government's position has no limiting principle. Under its view, a district court could impose a lifetime of home detention as an alternative to a single month of incarceration. *See* Oral Arg. at 17:45–18:00. That is incorrect. The proper way to treat home detention "as an alternative to incarceration" is on a one-for-one basis: one month of home detention in lieu of one month of incarceration. No more, no less.

*VACATED AND REMANDED*